IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRAGMATUS AV, LLC, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 11-902-LPS-CJB |
| YAHOO! INC., | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Christopher J. Burke issued a Report and Recommendation (D.I. 52) ("Report"), dated October 15, 2012, recommending that the Court deny the motion to transfer (D.I. 28) filed by Defendant Yahoo! Inc. ("Yahoo!" or "Defendant");

WHEREAS, Defendant filed timely objections to the Report on November 1, 2012 (D.I. 58) ("Objections");

WHEREAS, Plaintiff Pragmatus AV, LLC ("Pragmatus" or "Plaintiff") responded to the Objections on November 19, 2012 (D.I. 64);

WHEREAS, the Court has considered the motion *de novo*,[1] although a motion to transfer

---

[1] Neither party's papers address the standard of review. Given the parties' silence, the Court's determination that the Report should be adopted even under the most stringent (*de novo*) standard of review, and the fact that Magistrate Judge Burke filed a Report and did not enter an order, the Court here applies *de novo* review. Courts are split as to the standard of review that should be applied to review of objections relating to a motion to transfer venue. *Compare, e.g.,* *Consolidation Coal Co. v. Marion Docks, Inc.*, 2009 WL 2031774, at *2 n.1 (W.D. Pa. July 10, 2009) (reviewing recommended disposition of motion to transfer venue pursuant to "clear error" or "contrary to law" standard) *with Oak Street Printery, LLC v. Fujifilm North America Corp.*, ___ F. Supp. 2d ___, 2012 WL 4086776, at *3 (M.D. Pa. Sept. 17, 2012) (applying *de novo* review); *see also Meritage Homes Corp. v. JP Morgan Chase Bank, N.A.*, 474 B.R. 526, 538-39 (S.D. Ohio Bankr. June 26, 2012) (discussing split of authority).

venue is non-dispositive and subject to a "clearly erroneous" or "contrary to law" standard of review, *see In re Heckmann Corp. Securities Litig.*, 2011 WL 1219230, at *1 (D. Del. Mar. 31, 2011);

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. The Objections are OVERRULED.

2. Magistrate Judge Burke's Report is ADOPTED.

3. The motion to transfer venue is DENIED.

4. Defendant presents three issues in its Objections. None warrants granting Defendant's motion to transfer.

    a. Yahoo! argues that the Report applied the wrong analysis for certain *Jumara* factors.[2] Specifically, Yahoo! faults the Report for purportedly ***requiring*** Defendant to prove that nonparty witnesses beyond the Court's subpoena powers were unwilling to appear at trial and ***requiring*** Defendant to explain further the importance of such witnesses. In fact, the Report did not impose either such requirement but, instead, properly assessed Yahoo!'s assertions – and the weight to be accorded them – in light of the evidence the parties did (and did not) produce. (*See, e.g.*, Report at 19-20) ("The Court can assume that the third party witnesses that Yahoo! has named, particularly the inventors of the patents-in-suit, will be likely to provide relevant testimony in this case. . . . [A]bsent some concrete evidentiary showing that these individuals would be unlikely to testify, it is difficult to give the defendant's argument as to their potential unavailability ***significant weight***.") (emphasis added); *id.* at 21 ("[I]t appears that at least some relevant non-party witnesses reside outside the subpoena power of this Court, but

---

[2]*See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995).

would be within the subpoena power of the Northern District. The import of this is *tempered significantly* by the fact that no specific evidence has been put forward as to these witnesses, particularly whether any of them are actually unlikely to participate in a trial here.") (emphasis added) The Court agrees with the Report that the location of witnesses factor weighs only slightly in favor of transfer.

    b.  Yahoo! next argues that the Report misapplied the weight given to several of the *Jumara* factors, particularly the practical considerations factor. Defendant contends that the Report erred in concluding that practical considerations weighed against transfer and this factor should, instead, "at best be viewed as neutral." (D.I. 58 at 8) The Court agrees with the Report. As the Report notes, seven related cases filed by Pragmatus are pending in this District. (Report at 1-2 & n.1, 23-24) All of the patents-in-suit are at issue in other cases pending in this District. (D.I. 64 at 5)³ The Court agrees with Judge Burke that "[w]ere the case to be transferred to another jurisdiction at this stage, . . . there would be a net loss of efficiency for the federal court system as a whole." (Report at 25) *See also generally In re Volkswagen of America, Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) (stating "existence of multiple lawsuits involving the same issues" may be "a paramount consideration when determining whether a transfer is in the interest of justice").

This conclusion is all the stronger now. Subsequent to the filing of the Report, Judge Burke issued a Report and Recommendation relating to Defendant's motion to dismiss for failure

---

³According to Yahoo!, one patent-in-suit was already before the Northern District of California. (D.I. 58 at 7)

to state a claim. (D.I. 44, 61)[4] Judge Burke has also recently held a *Markman* hearing. Additionally, all seven of the related cases have now been assigned to the undersigned District Judge, and the Court will imminently be referring all of the related cases to Judge Burke, who has developed a familiarity with the technology and the patents-in-suit.

        c.      Finally, Yahoo! contends that the Report improperly balanced the *Jumara* factors. The Court disagrees. Instead, as Magistrate Judge Burke concluded, while "the issue is a close one," the pertinent factors do not strongly weigh in favor of transfer. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) ("[U]nless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail.") (internal quotation marks omitted).

January 16, 2013  
Wilmington, Delaware

                                     UNITED STATES DISTRICT JUDGE

---

[4]A nearly-identical motion to dismiss is pending in one of the related cases. *See Pragmatus AV, LLC v. Tangome, Inc.*, C.A. No. 11-1092-LPS D.I. 8 at 1 (D. Del. Jan. 17, 2012) ("The arguments set forth herein are essentially the same as those made by Yahoo! Inc. in support of the pending motion to dismiss in *Pragmatus AV, LLC v. Yahoo! Inc.*, C.A. No. 11-902 (LPS).").