IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRAGMATUS AV, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 11-902-LPS-CJB |
| | : | |
| YAHOO! INC., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Burke issued a Report and Recommendation (the "Report") (D.I. 61) dated November 13, 2012 recommending that the Court deny Defendant Yahoo! Inc.'s ("Yahoo!" or "Defendant") Motion to Dismiss the First Amended Complaint (the "Motion") as it pertains to Plaintiff Pragmatus AV, LLC's ("Pragmatus" or "Plaintiff") direct infringement claim and grant Defendant's Motion as it pertains to Plaintiff's indirect infringement claims;

WHEREAS, Plaintiff filed timely objections to the Report on November 30, 2012 (D.I. 74) ("Objections");

WHEREAS, Defendant responded to the Objections on December 17, 2012 (D.I. 80);

WHEREAS, the Court has considered the Motion *de novo*, as it presents case-dispositive issues, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3);

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. The Objections are OVERRULED.

1

2. Magistrate Judge Burke's Report is ADOPTED.

3. Yahoo!'s Motion to Dismiss (D.I. 44) is DENIED with respect to direct infringement and GRANTED with respect to induced infringement and contributory infringement.

4. Yahoo! moved to dismiss Pragmatus' First Amended Complaint ("FAC") (D.I. 43) for failure to state a claim with respect to: (1) direct infringement; (2) induced infringement; and (3) contributory infringement. Judge Burke's Report recommends that the Court deny Yahoo's Motion with respect to direct infringement but grant the Motion with respect to both induced infringement and contributory infringement. (*See* Report at 31) Pragmatus objects only to the dismissal of its induced infringement claim.

5. Pragmatus contends that the Report is wrong because: (1) Pragmatus adequately pled knowledge of the infringing acts; and (2) specific intent can be pled generally or inferred from knowledge of infringement. (*See* D.I. 74) Pragmatus also contends that the induced infringement claim is proper with respect to post-filing activities.

    a. With respect to knowledge of infringing acts, to survive a motion to dismiss, a complaint must contain facts "plausibly showing that [the alleged indirect infringer] knew that the [direct infringer's] acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). The FAC alleges only that "Pragmatus has provided Yahoo! written notice of its infringement." (D.I. 43 at 3, 4, 5, 6, 7) Other than identifying the direct infringers as "at least users of Yahoo! Messenger," the FAC contains no facts to suggest that Yahoo! knew that those users infringed or knew how those users infringed the asserted patents.

2

    b.  With respect to intent, the complaint must contain facts "plausibly showing that [the alleged indirect infringer] specifically intended [the direct infringers] to infringe [the patent-at-issue]." *In re Bill of Lading*, 681 F.3d at 1339. While intent may be pled generally, the Court must have some factual basis from which to draw an inference of intent. In this case, the FAC does not even use the word "intent," let alone allege any facts to support an inference that Yahoo! specifically intended or encouraged its users to infringe. For instance, the FAC does not provide any allegations as to the relationship between Yahoo! and users of the accused Yahoo! Messenger product. With respect to Pragmatus' contention that intent can be inferred because Yahoo! has "continued the acts which induced infringement after gaining knowledge of infringement" (D.I. 74 at 3), the cases Pragmatus relies on address not intent but, instead, whether filing a complaint may satisfy the knowledge requirement for pleading indirect infringement. *See, e.g., SoftView LLC v. Apple Inc.*, 2012 WL 3061027, at *7 (D. Del. July 26, 2012); *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565 (D. Del. 2012).

  6.  Pragmatus seeks leave to file a second amended complaint. (D.I. 74 at 4) Yahoo! objects, but offers no substantive reasons for its opposition. (D.I. 80 at 4) Amendment should be allowed "when justice so requires." Fed. R. Civ. P. 15(a)(2). It is within the discretion of the Court to grant leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court will

exercise its discretion and grant Pragmatus leave to file a second amended complaint. Any amended complaint shall be filed within 21 days from the date of this Order. Failure to file an amended complaint within this time frame will result in dismissal of the induced infringement claims with prejudice.

May 24, 2013  
Wilmington, Delaware

_____  
UNITED STATES DISTRICT JUDGE