IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRAGMATUS AV, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-902-LPS-CJB |
| | ) | |
| YAHOO! INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

In this patent infringement action brought by Plaintiff Pragmatus AV, LLC ("Pragmatus" or "Plaintiff"), pending before the Court is Defendant Yahoo! Inc.'s ("Yahoo!" or "Defendant") Motion to Stay Proceedings Pending Resolution of Yahoo! Inc.'s Motions to Transfer and Enjoin ("Motion to Stay"). (D.I. 131) For the reasons that follow, the Court DENIES Defendant's Motion to Stay.

### I. BACKGROUND

#### A. The Parties

Plaintiff Pragmatus is a Virginia limited liability company with its principal place of business in Alexandria, Virginia. (D.I. 43 at ¶ 1) Defendant Yahoo! is a Delaware corporation with its principal place of business in Sunnyvale, California. (*Id.* at ¶ 2; D.I. 30 at ¶ 2)

#### B. Procedural Background

On October 4, 2011, Plaintiff filed this action against Defendant asserting infringement of five patents (collectively, the "Delaware Patents"). (D.I. 1)[1] On March 27, 2012, Defendant

---

[1] On April 6, 2012, this case was referred to me by Judge Leonard P. Stark to hear and resolve all pretrial matters, up to and including the resolution of case-dispositive motions. (D.I. 32)

filed a Motion to Transfer Venue to the United States District Court for the Northern District of California. (D.I. 28) In a Report and Recommendation dated October 15, 2012, the Court recommended denial of Defendant's motion to transfer. (D.I. 52) Defendant timely objected to the Report and Recommendation, (D.I. 58), and on January 16, 2013, the District Court overruled the objections, adopted the Report and Recommendation, and denied the motion to transfer, (D.I. 87).

On March 15, 2013, Plaintiff filed a separate lawsuit against Yahoo! in the United States District Court for the Northern District of California (the "California Action") alleging infringement of two patents (U.S. Patent Nos. 7,421,470 and 7,433,921) that are not at issue in the instant case, but that are related to the patents-in-suit (the "California Patents").[2] (D.I. 131 at 1 & n.2) On April 2, 2013, Defendant filed a Renewed Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) Or, In The Alternative, Motion For Injunction ("renewed Motion to Transfer") (D.I. 130), and the instant Motion to Stay, (D.I. 131), (collectively, "Motions"). Briefing was completed as to the Motions on April 29, 2013, (D.I. 135, 136, 143, 144), and oral argument was held as to both on May 23, 2013, (D.I. 154).

## II.  LEGAL STANDARD

---

[2]  Prior to the initiation of the instant suit and the California Action, Pragmatus filed two cases against Facebook, Inc. ("Facebook") and other defendants in the Eastern District of Virginia. (D.I. 131 at 2 n.4) In one of those two actions, Pragmatus asserted the two California Patents against Facebook. (*Id.*) The cases were later transferred to the Northern District of California, and were subsequently stayed pending reexamination. (*Id.*) Subsequently, on March 15, 2013, Pragmatus filed the California Action against Yahoo!, asserting the California Patents. (*Id.* at 2) Although the two California Patents share the same specification and have the same inventors as the five Delaware Patents, the two sets of patents have different claims (albeit with some overlap in claim terms). (*Id.* at 2-3) At oral argument, the parties explained that Yahoo! has filed a motion to stay the California Action, a motion that remains pending. (D.I. 154 at 41, 55-57)

A court has discretionary authority to grant a motion to stay. *See Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). The parties do not dispute that the following three factors should be considered in deciding the instant motion to stay the proceedings: (1) the status of the litigation, particularly whether discovery is complete and a trial date has been set; (2) whether granting the stay will simplify the issues for trial; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage. *See, e.g., ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*, Civil Action No. 12-054-GMS-MPT, 2012 WL 5599338, at *2 (D. Del. Nov. 15, 2012); *Cooper Notification, Inc. v. Twitter, Inc.*, Civ. No. 09-865-LPS, 2010 WL 5149351, at *1 (D. Del. Dec. 13, 2010).[3] These factors are discussed in greater detail below.

## III.   DISCUSSION

### A.   Status of the Current Litigation

In general, motions to stay are most often granted when a case is in the early stages of litigation. *See Pragmatus Telecom, LLC v. Advanced Store Co., Inc.*, Civil Action No. 12-088-RGA, 2012 WL 2803695, at *2 (D. Del. July 10, 2012) (staying litigation as to customer defendants pending resolution of litigation against supplier defendant where the "proceedings

---

[3] These factors have been used by this Court to determine whether a stay is appropriate in a variety of procedural circumstances. *See, e.g., Pragmatus Telecom, LLC v. Advanced Store Co., Inc.*, Civil Action No. 12-088-RGA, 2012 WL 2803695, at *1 (D. Del. July 10, 2012) (examining whether a patent infringement suit against defendant customers should be stayed, pending resolution of a separate infringement suit between the customers' supplier and the plaintiff); *Cooper Notification*, 2010 WL 5149351, at *1 (considering whether a patent infringement suit should be stayed pending resolution of an *inter partes* reexamination proceeding).

3

[we]re in their infancy [in that] [t]he motion [to stay] was filed before any trial date had been set and any discovery had been scheduled"); *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, C.A. No. 06-514 GMS, 2007 WL 2892707, at *5 (D. Del. Sept. 30, 2007) (staying litigation where no Rule 16 scheduling conference or discovery had occurred, no scheduling order had been entered, and "little time [had] yet to be invested in the litigation"). However, when a request for a stay comes later in the case, for instance, when discovery is complete and a trial is imminent, a stay is less likely to be granted. *See, e.g., Belden Techs. Inc. v. Superior Essex Commc'ns LP*, Civ. No. 08-63-SLR, 2010 WL 3522327, at *2 (D. Del. Sept. 2, 2010) (finding that the status of the litigation weighed against granting a stay, where discovery in the case was complete as of the filing of the motion to stay, and trial was scheduled to begin within weeks). In such circumstances, where the Court and the parties have already expended significant resources on the litigation, the principle of maximizing the use of judicial and litigant resources is best served by seeing the case through to its conclusion.

Here, while it is true that there is no trial currently scheduled, and that the case dispositive motion deadline is still some months away, this case is by no means in its early stages. The Complaint was filed 19 months ago, (*see* D.I. 1), and since that time the Court has entered a scheduling order, (D.I. 18), and held a *Markman* hearing. Moreover, the parties have engaged in extensive fact discovery. The fact discovery deadline is now less than a month away (although the parties have indicated that they may move to extend that deadline), (D.I. 113; D.I. 154 at 38, 58), a significant amount of written and electronic discovery has been exchanged, and a number of depositions have been taken or are currently scheduled.

Moreover, throughout this period, the Court and the District Court have expended

significant resources on the matter. The Court has previously resolved a motion to transfer, (D.I. 28, 52, 87), and a motion to dismiss, (D.I. 44, 61, 153); objections were filed as to both decisions, and the District Court has now ruled on both sets of objections, (D.I. 87, 153). Additionally, the Court has resolved numerous discovery disputes. (*See, e.g.*, D.I. 55, 76, 125) Our Court has found that in such circumstances, it is more difficult for a stay to be characterized as promoting the efficient use of judicial resources. *Cf. Softview LLC v. Apple Inc.*, Civ. No. 10-389-LPS, 2012 WL 3061027, at *4 (D. Del. July 26, 2012) (finding, in context of request to stay pending reexamination, that the status of the litigation did not favor a stay, even where the litigation remained at an "early stage," in part because the parties and the Court had devoted "[s]ubstantial time and resources . . . to scheduling and . . . resol[ving] discovery disputes" and other pending motions); *Cooper Notification*, 2010 WL 5149351, at *3 (declining to find that the status of the litigation favored a stay pending reexamination, even when discovery had just begun and would not be complete for eleven months, because, *inter alia*, the Court had devoted "significant resources" to formulating a schedule and overseeing a contested scheduling hearing).

The Court thus finds that the stage of this litigation—with some important case events still ahead, but with many having already been completed—weighs slightly against a stay.

### B. Simplification of Issues

With respect to this factor, Yahoo! argues that staying the proceedings pending the Court's decision on its renewed Motion to Transfer will promote judicial efficiency, in that if the California Action goes forward, "there is a risk that another district court will have to revisit these same claim construction and discovery issues." (D.I. 131 at 5) It suggests that in light of the pending *Markman* decision in this case, it would not oppose transfer after the Court issues a

claim construction ruling, so as to "conserve judicial resources, eliminate the risk of inconsistent claim construction across related patents, and prevent duplicative discovery." (*Id.* at 6)

However, as noted by Plaintiff, Defendant's argument about how a stay would promote the simplification of issues among the cases is speculative. Specifically, a stay would only prevent duplicative litigation if this Court were to (1) later grant the renewed Motion to Transfer; and then (2) this action and the California Action were consolidated for discovery and trial in the Northern District of California; and (3) that consolidation occurred in such a manner as to reduce or eliminate the prospect for the type of duplicative discovery that Yahoo! is concerned about among the two actions. That kind of outcome *could* promote efficiency, in that it could result in certain coordinated fact and expert discovery in one action, not two. However, that efficiency might be offset a bit by whatever added complication would come from the fact that the newly consolidated cases would involve a total of seven patents to be litigated at one time, not the five patents currently at issue here.

But more significantly, if one or more of those eventualities *do not* later occur, than the proposed stay will likely result in complication, not simplification—it will have frozen the progress of this case as discovery nears its end, without much or any resulting efficiency benefit to this Court or the Northern District of California. And even if the renewed Motion to Transfer were granted in the short term, it is very difficult to gauge how the instant case would then proceed in the proposed transferee district as compared to the California Action—especially in light of the fact that this case is well into its second year, while the latter case is barely a month old and subject to a pending motion to stay.

Lastly, the timing of the instant Motion to Stay is important. As Yahoo!'s counsel noted

at oral argument, "[t]here are fact depositions going on this week, as we talked about. We have the financial depositions [coming up]. We are scheduling other depositions. There are other things that are progressing forward." (D.I. 154 at 64) A stay at this precise point in the litigation, even pending decision on the renewed Motion to Transfer, would complicate the orderly proceeding of the completion of the discovery period, which is otherwise currently in full swing as this very motion awaits resolution. *See Falk v. Gen. Motors Corp.*, No. C 07-01731 WHA, 2007 WL 3101649, at *1-3 (N.D. Cal. Oct. 22, 2007) (denying motion to stay pending resolution of motion to transfer and consolidate where the parties were "well into conducting discovery" as they had scheduled depositions and produced documents and the parties would have to complete this discovery whether or not the actions were consolidated and transferred).

In light of the speculative nature of the prospect for simplification of the issues were a stay granted, and the greater likelihood that a stay would hinder judicial efficiency and involve complication of the proceedings, the Court finds that this factor weighs against a stay.

### C. Prejudice

With respect to the final stay-related factor, this Court's inquiry has centered on whether a plaintiff would suffer undue prejudice and, relatedly, whether a defendant would gain an unfair tactical advantage if a stay is granted. *Cf. Vehicle IP, LLC v. Wal-Mart Stores, Inc.*, Civ. No. 10-503-SLR, 2010 WL 4823393, at *2 (D. Del. Nov. 22, 2010); *Boston Scientific Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 789 (D. Del. 2011). In doing so, the Court has looked to factors including the timing of the request for a stay, and the relationship between the parties (including whether the parties are direct competitors, a factor that tends to exacerbate the presumed prejudice from delay). *Vehicle IP*, 2010 WL 4823393, at *2; *Boston Scientific Corp.*, 777 F.

Supp. 2d at 789.

In terms of the timing of Yahoo!'s Motion to Stay, even though it was brought well into the litigation, there is not a basis to infer that the motion was put forward in order to gain an "*inappropriate* tactical advantage." *Belden Techs.*, 2010 WL 3522327, at *2 (emphasis added) (finding that requests for reexamination made 17-20 months after lawsuit was initiated, followed by a motion to stay filed eleven days before trial, gave rise to such an inference); *see also St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.*, No. Civ. A. 01-557JJF, 2003 WL 25283239, at *1 (D. Del. Jan. 30, 2003) (denying motion to stay and noting that "the fact that the instant motion was filed after the close of discovery and weeks before the commencement of the scheduled trial date" supported an inference of prejudice in the delay). Yahoo! has an understandable interest in attempting to litigate against Pragmatus in one case, in one forum, as to as many of Pragmatus' asserted patents as is possible. It brought its motion when it did because the California Action was just recently filed, and it is the existence of that action that is the impetus for its related renewed Motion to Transfer.

As to the parties' relationship, there is no question that the parties are not direct competitors. Thus, any prejudice Pragmatus might face due to the grant of a stay would not be enhanced by the prospect of, for example, losing sales to a business competitor that it is concurrently accusing of patent infringement.

Nevertheless, the Court is not persuaded that any harm to Yahoo! occasioned by denying the Motion to Stay amounts to undue prejudice, or that it would be any greater than the harm to Pragmatus arising from a grant of the Motion to Stay. Were the Motion to Stay denied, it is true that Yahoo! would have to continue with the completion of fact discovery here. And it is

possible that were it required to later litigate the California Action, it will encounter what it believes to be duplicative requests for discovery that overlap with that requested in this case. (D.I. 131 at 5) There is at least some prospect, however, that such duplication could be reduced by cooperation among counsel, and by seeking relief from the courts if such relief was necessary and warranted.

Moreover, Pragmatus faces some real risk of prejudice from a stay. As of now, its claims are proceeding toward trial, with fact discovery nearing an end. Yet were a stay granted, Pragmatus would face real uncertainty about when this case would resume, particularly if transfer is granted, since Yahoo! is currently seeking a stay of the California Action.

Taking all of this into account, the Court finds that this factor does not meaningfully favor either party. If it can be said to favor either side, it slightly favors Pragmatus.

Lastly, in light of the advanced posture of this case, the Court also finds Defendant's reliance on *In re Fusion-IO*, 489 F. App'x 465 (Fed. Cir. 2012), unpersuasive. (D.I. 131 at 5) In that case, a defendant's transfer motion, filed at the outset of the litigation, was twice denied by a district court on administrative grounds. *In re Fusion-IO*, 489 F. App'x at 465. After the defendant sought a writ of mandamus from the United States Court of Appeals for the Federal Circuit, requesting that the district court be directed to transfer the case to another district, the Federal Circuit denied the motion, but stated that "[w]e fully expect, however, for Fusion–IO to [thereafter] promptly request transfer in the lead case along with a motion to stay proceedings pending disposition of the transfer motion, and for the district court to act on those motions *before proceeding to any motion on the merits of the action*." *Id*. at 466 (emphasis added). However, the Court does not read *In re Fusion-IO* as requiring a court to stay a case pending

9

resolution of any motion to transfer filed in any situation. The defendant in that case filed the motion to transfer early in the litigation.[4] Here, on the other hand, the Court has before it a *renewed* Motion to Transfer, filed long after the case has been proceeding on the merits—many months after the Court reviewed and denied Yahoo!'s first transfer motion, and after significant fact discovery and other case events have taken place. In these unique circumstances, the Court does not read *In re Fusion-IO* as requiring the Court to stay the case pending resolution of the renewed Motion to Transfer.

## IV. CONCLUSION

In this case, all three factors either weigh against granting a stay, or are neutral. Therefore, it is ORDERED that Defendant's Motion to Stay Proceedings Pending Resolution of Yahoo! Inc.'s Motions to Transfer and Enjoin, (D.I. 131), is DENIED.

---

[4] Indeed, in the *In re Fusion-IO* litigation, the defendant's initial motion to sever and transfer was filed less than four months after the complaint was filed, and before the commencement of discovery. *Compare* Complaint for Patent Infringement, *Solid State Storage Solutions, Inc. v. Stec, Inc.*, No. 2:11-CV-391-JRG-RSP, (D.I. 1) (E.D. Tex. Sept. 7, 2011), *with* Motion to Sever and Transfer, *Solid State Storage Solutions, Inc. v. Stec, Inc.*, No. 2:11-CV-391-JRG-RSP, (D.I. 57) (E.D. Tex. Jan. 4, 2012). Similarly inapposite is *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30 (3d Cir. 1970), another case cited by Yahoo! for the proposition that "[j]udicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected." (D.I. 131 at 5 (internal quotation marks omitted)) *McDonnell Douglas* also arose in a situation where a motion to transfer was filed before the commencement of discovery. *See* 429 F.2d at 30-31 (noting that the petitions for writs of mandamus sought to compel the district court to "rule finally upon the motion for transfer *prior to the commencement of discovery* upon the merits of the action") (emphasis added). In that circumstance, the United States Court of Appeals for the Third Circuit found that principles of judicial efficiency and comity required that the motion be decided before permitting discovery to go forward. *Id.* at 31. Here, as noted above, the Court is faced with a very different procedural set of circumstances.

Dated: May 30, 2013

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE