## Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Stephen J. Kraftschik
302 351 9378
302 498 6233 Fax
skraftschik@mnat.com

June 18, 2013

The Honorable Christopher J. Burke        *VIA ELECTRONIC FILING*
United States District Court
  For the District of Delaware
844 North King Street
Wilmington, DE 19801

Re:   *Pragmatus AV, LLC v. Yahoo! Inc.*
      C.A. No. 11-902 (LPS) (CJB)

Dear Judge Burke:

Defendant Yahoo! has requested the Court's assistance to resolve an outstanding dispute with Plaintiff Pragmatus' non-responsive answers to Interrogatory Nos. 12 and 13 from Yahoo! Inc.'s Second Set of Interrogatories. A discovery conference to resolve this dispute is set for June 21, 2013, at 3:00 p.m. **Interrogatory No. 12** requests information regarding Pragmatus' position on the validity of each asserted claim of the Patents-in-Suit. Specifically, the interrogatory requests:

> For each asserted claim of the Patents-in-Suit that You contend is valid, describe in detail the complete legal and factual basis for Your contention, including a chart that overcomes each prior art reference Yahoo! asserts as invalidating each asserted claim, on a limitation by limitation basis.

Ex. A at 5. In its response, Pragmatus asserts that every single limitation from every asserted patent is missing from the ten prior art references Yahoo! has identified in its invalidity contentions, without providing any explanation about why the limitations are absent from the prior art.[1] *See* Ex. A at 7. Pragmatus' contention that none of the prior art identified by Yahoo!

---

[1] When Yahoo! raised these issues with Pragmatus (Ex. B at 1), Pragmatus responded that its "response to Interrogatory No. 12 is complete and Pragmatus is under no obligation to provide a chart with the legal and factual basis for how each of the patents-in suit overcomes each prior art reference." (Ex. C at 1). Pragmatus' position contradicts Fed. R. Civ. P. 33(b)(3), that "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."

The Honorable Christopher J. Burke
June 18, 2013
Page 2

discloses even a single limitation of any claim of the patents-in-suit is utterly incorrect, as many, if not all of the limitations of the asserted claims are clearly shown in the prior art.[2]

For example, Claim 17 of the '054 patent recites: ". . . (b) notifying (i) the second participant (ii) of the attempt; . . . ." The following excerpt from prior art describing the Rapport system describes a notification step. *See* Ex. D at 18:

> **The user interface of the initial Rapport prototype notifies each conferee that the join request has been issued.** The conferees can then act on the request as they wish. If any user issues an add-member request, each conference server is notified and the new conferee is added to the conference. Other user interface levels of Rapport could be built, enforcing particular policies for conference conduct. For example, when receiving the join request event, a user interface level program could require that conferees vote on the request and issue an add member operation only if the majority said to do so.

Claim 11 of the '500 patent recites ". . . at least one communication path arranged for transport of audio and video signals . . . ." The following prior art figure describes the Touring Machine system showing a communication path arranged for the transport of audio and video signals. *See* Ex. E at 7:



| at least one communication path arranged for transport of audio and video signals. | Touring Machine discloses a communication path for transport of audio signals, and video signals. See, e.g.:<br><br>(Arango IV. p. 5.)<br><br>2.2 Session Management A client creates a session by specifying the initial attributes (the set of participating clients, the transport topology, and the policies) for the session. Creation of a new session involves two stages: negotiation of |

19

---

[2] In its infringement contentions, Pragmatus divided the asserted claims into individual limitations, and Yahoo! used the same format in its invalidity contentions. In its response to Interrogatory No. 12, Pragmatus divided the claims into different limitations that do not follow what had previously been done by Pragmatus and Yahoo!. This results in a response that is confusing, does not respond to the interrogatory as posed, and violates Fed. R. Civ. P. 33(b). Yahoo! requests that any supplemental response to Interrogatory No. 12 track the format previously used in Pragmatus' infringement contentions and Yahoo!'s invalidity contentions.

The Honorable Christopher J. Burke
June 18, 2013
Page 3

Claim 13 of the '893 patent recites ". . . (b) selecting (i) one or more participants (ii) from among a plurality of the displayed sets of potential participants . . . ." The following Etherphone system description discloses selecting one or more participants from among a plurality of displayed sets of potential participants. *See* Ex. F at 11:



Similarly, Claim 34 of the '025 patent recites ". . . (a) the participant information is displayed in two sets in which the second set includes anyone or more of the group consisting of (i) displayed icons and text (1) representing potential participants." The following figure showing use of the Etherphone system discloses displaying icons and text representing the potential participants. *See* Ex. G at 22:



The Honorable Christopher J. Burke
June 18, 2013
Page 4

Other similar examples of the prior art clearly disclosing claim limitations can be found throughout Yahoo!'s invalidity contentions. Pragmatus' contention that none of the limitations of the asserted claims are disclosed in the prior art cannot be correct. Moreover Pragmatus' failure to explain why the limitations are not shown in the prior art does not provide the information requested in the interrogatory. Not only does Pragmatus' response deny Yahoo! the opportunity to learn Pragmatus' true contentions regarding the prior art, but it also purports to create disputes about the prior art where no reasonable dispute should exist. Yahoo! requests that the Court order Pragmatus to properly respond to Interrogatory No. 12 by identifying limitations that are truly absent from the prior art and explaining why each limitation is not shown in the prior art.

***Interrogatory No. 13*** requests Pragmatus' written description support for each term identified by Yahoo! as being indefinite and/or lacking written description in Yahoo!' Invalidity Contentions. Pragmatus' answer is non-responsive and attempts to require Yahoo! to provide additional information before Pragmatus will respond. In particular, instead of providing the information requested, Pragmatus' response states "Yahoo! has failed to provide any explanation whatsoever as to why the following terms of the Pragmatus patent claims are vague or indefinite or lack written description." (Ex. A at 35). After being notified that its response is deficient, Pragmatus again refused to provide the requested information, instead stating "[i]f Yahoo! chooses to articulate the basis for its section 112 defense in greater detail, Pragmatus will provide a supplemental response to Interrogatory No. 13." (Ex. C at 2). This attempt to shift that burden onto Yahoo! without attempting to provide any written description support for any term is not appropriate. *See* Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."). Yahoo! requests the Court order Pragmatus to provide written description support for the terms it has identified.

For the above reasons, Pragmatus has failed to respond to Yahoo!'s Interrogatory Nos. 12 and 13. The Court should order Pragmatus to fully answer these interrogatories.

Respectfully,

*/s/ Stephen Kraftschik*

Stephen J. Kraftschik (#5623)

SJK/dlw
Attachments
cc:  Clerk of Court (Via Hand Delivery; w/attachments)
     Brian E. Farnan, Esquire (Via Electronic Mail; w/attachments)
     Marc Belloli, Esquire (Via Electronic Mail; w/attachments)
     Jason C. White, Esquire (Via Electronic Mail; w/attachments)