IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRAGMATUS AV, LLC, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 11-902-LPS-CJB |
| YAHOO! INC., | ) ) ) ) |
| Defendant. | ) |

## ORDER

At Wilmington, Delaware, this **25th day of June, 2013**.

On June 13, 2013, Defendant Yahoo! Inc. ("Yahoo!") filed a Motion for Teleconference to Resolve Discovery Dispute. (D.I. 159) In subsequent letter briefs, the parties set out their positions regarding two disputed issues, only the first of which is ripe for resolution. (D.I. 161, 162) With respect to the first dispute, Yahoo! requested that Pragmatus AV, LLC ("Pragmatus") be required to supplement its response to Yahoo!'s Interrogatory Number 12, which requests:

> For each asserted claim of the Patents-in-Suit that You contend is valid, describe in detail the complete legal and factual basis for Your contention, including a chart that overcomes each prior art reference Yahoo! asserts as invalidating each asserted claim, on a limitation by limitation basis.

(D.I. 161 at 1) On June 21, 2013, the Court held a teleconference with counsel for the parties to attempt to resolve this dispute. Later that same day, pursuant to the Court's Order, Pragmatus submitted a copy of its infringement contentions to aid in the Court's resolution of the disputed issue. (D.I. 163)

Federal Rule of Civil Procedure 33(b)(3) provides that: "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). In addition, the Scheduling Order entered in this case states that "[i]n the absence of

agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive." (D.I. 18 at ¶ 3(d)(ii))

After reviewing the parties' submissions and relevant legal authority, the Court finds that Pragmatus' response to Yahoo!'s Interrogatory Number 12 is insufficient. Specifically, a review of Yahoo!'s invalidity contentions reveals that they are quite detailed, in that, for each limitation of the asserted claims, Yahoo! provides excerpts from specific references relating to the prior art systems at issue, which allegedly disclose the limitation at issue; in many cases, Yahoo! highlights portions of those excerpts that it deems to be most relevant in bold lettering. (*See, e.g.*, D.I. 161, ex. D at 2) In comparison, Pragmatus' validity contentions are not remotely as detailed. Instead, in its response to Yahoo!'s Interrogatory Number 12, Pragmatus simply states, without further explanation, that every single limitation from every asserted patent is missing from the ten prior art bases Yahoo! identified in its invalidity contentions. (*See, e.g., id.*, ex. A at 6-7)

Thus, the Court finds that Pragmatus should have to fully answer Yahoo!'s Interrogatory Number 12. In so doing, Pragmatus may note its objections to Yahoo!'s identification of its anticipation references (such as Yahoo!'s alleged failure to sufficiently prove that the references "should be considered to be part of the same basis"). (*See* D.I. 162 at 2) However, after setting out those objections, Pragmatus must still make a good faith attempt to otherwise fully answer the interrogatory at issue—to in some way address the substance of Yahoo!'s assertion that each limitation is met by a particular system. *See Mazzella v. RCA Global Commc'ns, Inc.*, No. 83

Civ. 3716 (WCC), 1984 WL 55541, at *11 (S.D.N.Y. Mar. 28, 1984) (ordering the defendants to provide interrogatory answers but permitting the them to state "any caveats as to possible errors in the information being supplied"). Pragmatus should accomplish this by providing its responses in chart form, in the format previously used in Pragmatus' infringement contentions and Yahoo!'s invalidity contentions.[1]

Therefore, the Court hereby ORDERS Pragmatus to produce to Yahoo! a supplemented response to Yahoo!'s Interrogatory Number 12 by **July 15, 2013**. Yahoo! will then be required to provide its obviousness combinations to Pragmatus by **July 24, 2013**. Taking into account Yahoo!'s obviousness combinations, Pragmatus will thereafter by further required to supplement its response to Yahoo!'s Interrogatory Number 12 by **August 14, 2013**.

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent that Pragmatus argues that its response should be deemed sufficient because Yahoo! provided a similar level of detail in its non-infringement contentions, the Court is not persuaded. The Court agrees that both sets of responses do not provide much in the way of detail, with Yahoo!'s response being only slightly more robust. But even assuming these two responses are similar in detail, the Court considers Yahoo!'s response to Pragmatus' interrogatory requesting information regarding Yahoo!'s non-infringement contentions to be a separate issue. If Pragmatus believes that Yahoo!'s non-infringement contentions are insufficient it may press Yahoo! to supplement further, and utilize the Court's discovery dispute procedures if it does not receive a legally sufficient response.